UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EUGENE PANECCASIO, | : |
| | : |
| Plaintiff | : |
| | : DOCKET NO. 3:01cv2065 (CFD) |
| v. | : |
| | : |
| UNISOURCE WORLDWIDE, INC., et al. | : |
| | : |
| Defendants. | : OCTOBER 29, 2003 |

### THE IKON DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO EXTEND TIME, MOTION TO CONSOLIDATE FOR DISCOVERY PURPOSES, AND NOTICE OF DEPOSITION

On July 29, 2002, Plaintiff and all Defendants jointly submitted a Report of Parties' Planning Meeting (the "Planning Meeting Report") to the Court. The Planning Meeting Report, approved by the Court on October 18, 2002, provides that "[a]ll discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will commence immediately after the Court rules on the pending Motions to Dismiss and shall be completed no later than six months thereafter." The Court rendered a decision granting, in part, and denying, in part, the Motions to Dismiss on March 27, 2003. Consequently, the deadline for the completion of discovery expired on September 30, 2003.

Without having requested an extension of time prior to the cutoff of discovery, on October 8, 2003, Plaintiff Eugene Paneccasio served a Notice of Deposition of Gary Setta, a copy of which is attached as Exhibit A. Mr. Setta, apparently a former employee of Unisource,

is not a party to this litigation.[1] On October 16, 2003, Paneccasio filed Plaintiff's Motion to Extend the Time in Which to Complete Discovery Until December 10, 2003 Nunc Pro Tunc ("Motion to Extend"). On the same date, Paneccasio and Plaintiff William Callahan filed a Motion to Consolidate for Discovery Purposes ("Motion to Consolidate") this matter and Callahan v. Unisource Worldwide, Inc., et al., Docket No. 301CV1205 (CFD).

Counsel for Paneccasio and Callahan has waited until after the discovery period expired to begin asking for discovery, request an extension of time and seek the consolidation of these two cases. This reflects Plaintiffs' counsel's complete and utter disregard for the scheduling order agreed to by the parties and approved by the Court more than a year ago. Counsel attempts to rationalize his inattention to the Paneccasio and Callahan matters by referring to his "extraordinary trial commitments over the past eight months" in connection with the Giordano case. (Motion to Extend at ¶¶ 5, 6, & 9.) Although the Giordano case is undoubtedly a high-profile matter, this explanation is insufficient to justify Plaintiffs' counsel having ignored the Court's deadlines, particularly when he, in agreement with Defendants, proposed the deadlines adopted by the Court in July 2002.

Assuming that Plaintiffs' counsel did not have the time to conduct discovery within the six-month period that he agreed to, counsel has provided no reasonable explanation of why he did not request an extension of time prior to the cutoff of discovery. The Giordano matter was commenced in 2001. The federal court trial took place in March 2003 and a verdict entered on the docket on March 25, 2003. On June 26, 2003, an amended judgment was entered as to Giordano. (See Criminal Docket for USA v. Giordano, Case # 3:01-CR-00216-AHN-ALL

---

[1]   Because Mr. Setta is not a party to this litigation, serving a notice of deposition on Defendants is insufficient to require Mr. Setta's appearance at a deposition. To date, the IKON Defendants are unaware of Paneccasio having served a subpoena to Mr. Setta for a deposition in connection with this litigation.

(D. Conn.) attached hereto as Exhibit B.) The matter was then appealed to the Second Circuit. Originally, Giordano's brief was due on September 19, 2003. However, Giordano's motion to extend time to file a brief was granted and the deadline extended until December 19, 2003. (See USA v. Giordano, Docket No. 03-1394 (2d Cir.) attached hereto as Exhibit C.)

The explanation proffered by Plaintiffs' counsel for his dilatory neglect of the Paneccasio and Callahan matters does not justify his steadfast disregard for the case management deadlines set forth in these cases. That counsel had a trial in the Giordano matter in March 2003, entry of judgment and sentencing in June 2003, and an appellate brief due in December 2003, does not justify his disregard of the September 30, 2003 discovery deadline. Accordingly, the IKON Defendants respectfully request that the Court deny Plaintiff's Motion to Extend and sustain the IKON Defendants' objection to the Notice of Deposition of Gary Setta.

In addition, the IKON Defendants further request that the Court deny the Motion to Consolidate. In support of that Motion, Paneccasio and Callahan assert that "[t]here are common defendants" in both actions. This is simply not the case. Although Callahan filed a Motion for Leave to File Amended Complaint ("Motion to Amend") on August 8, 2003, the IKON Defendants vigorously opposed the Motion to Amend. (See Opposition of IKON Office Solutions, Inc. and Alco Standard Corporation to Plaintiff's Motion for Leave to File Amended Complaint ("Opposition") dated August 29, 2003.)[2] Callahan's Motion to Amend is still pending before this Court and no decision has been rendered. Therefore, the IKON Defendants are not parties in Callahan. The basis for the Motion to Consolidate, that there are common defendants, is fundamentally flawed and the Motion to Consolidate should be denied.

---

[2] Callahan's counsel filed the Motion to Amend on August 8, 2003, more than three months after the April 28, 2003 deadline for filing such a motion. He failed to support the Motion to Amend with any memorandum of law and even failed to file a reply brief in response to the IKON Defendants' Opposition. In any event, as demonstrated in the IKON Defendants' Opposition, the proposed amendment would be futile.

3

Respectfully submitted,

*/s/ P. Fahey*

Kay Kyungsun Yu (ct13440)
Joseph J. Costello
Megan E. Shafer
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5000

Robert L. Wyld (ct04333)
Patrick Fahey (ct13872)
Shipman & Goodwin LLP
One American Row
Hartford, Connecticut 06103
860.251.5000

Attorneys for the IKON Defendants

OF COUNSEL:

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing objection was served via First-Class, United States mail on this 29th day of October, 2003 as follows:

Andrew B. Bowman, Esq.
1804 Post Road East
Westport, CT 06880

Rayne Rasty, Esq.
Georgia-Pacific Corporation
133 Peachtree Street NE
Atlanta, GA 30303-1847

Felix J. Springer, Esq.
Jennifer L. Sachs, Esq.
Day, Berry & Howard
CityPlace 1
Hartford, CT 06103-3499

_____
Patrick M. Fahey

1-PH/1902947.1

5