UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

EUGENE PANECCASIO            :

      PLAINTIFF            :

VS.            : DOCKET NO: 3:01CV2065(CFD)

UNISOURCE WORLDWIDE, INC.,            :
GEORGIA-PACIFIC CORPORATION,
ALCO STANDARD CORPORATION
AND IKON OFFICE SOLUTIONS,            :
INC., ET AL

      DEFENDANTS            : NOVEMBER 3, 2003

**PLAINTIFF'S RESPONSE TO THE IKON DEFENDANTS'
OBJECTION TO PLAINTIFF'S MOTION TO EXTEND
TIME, MOTION TO CONSOLIDATE FOR DISCOVERY
PURPOSES, AND NOTICE OF DEPOSITION DATED
OCTOBER 29, 2003**

After our telephonic status conference, counsel for plaintiff received by mail the October 29, 2003 objection filed by the IKON defendants over the signature of Patrick Fahey. This response is being filed, because both the tone and the use of language is so out of proportion to the issues being presented for decision by this Court that this reaction by the IKON defendants clearly manifests a fear of resolving this case on the merits.

The IKON defendants' objection is an attack on the integrity of plaintiff's counsel. Using phrases like "dilatory neglect" and "steadfast disregard" are objectionable and fatuous. The commitment of plaintiff's counsel to these plaintiffs is real and continous. The lawyers who drafted and signed the October 29, 2003 objection have never and probably will never know or experience the continuing commitments and the demands of those commitments in extraordinary cases like the Giordano case.

I make no excuse to these lawyers, but I do recognize and have accepted the fact that I should have filed a motion for extension of time prior to September 30, 2003. Having said that, Mr. Paneccasio and Mr. Callahan have meritorious claims, and those claims should not be burdened because of the extraordinary commitments of their lawyer.

We have provided responses to interrogatories and requests for production that have necessitated a great deal of time and effort. Unisource has now sought to file a motion for partial summary judgment on the severance issue before Gary Setta's deposition can be taken. (Plaintiff Callahan's objection was filed on October 30, 2003). The IKON defendants not only are objecting to Setta's deposition but clearly recognize that plaintiff will be deposing two of the IKON employees who were integrally involved

with plaintiffs, one of whom is the administrator of the plan and the other is William Bauer.

Finally, with respect to the motion to amend in the Callahan case seeking to add the ERISA count that presently exists in the Paneccasio case, (referred to by IKON in its October 29, 2003 objection to consolidation) that proposed count contains the allegation, supported by Callahan's deposition testimony, that defendant Unisource, a related company had promised both vesting and payment under the 1991 IKON Office Solutions Plan and that IKON knew it.

It is alleged that IKON was aware of Unisource's representations to plaintiff that he would actually receive the Plan benefits which was the primary inducement for his decision to sign the Severance Agreement. IKON knew that Callahan would and did rely upon the representations made by Unisource that he would actually receive the benefits promised under the Deferred Compensation Plans if he actually left his employment in December 1998. The claim is that IKON should be estopped from denying liability for the improper termination of Callahan's benefits when they knew that Callahan had relied upon Setta's representation, acting for Unisource, that Callahan would receive the benefits of the 1991 IKON Plan. IKON's knowledge of Unisource's promise prevents IKON from disclaiming liability for the termination of Callahan's benefits under the 1991 IKON Plan.

If the best defendants can do is to use ad hominem attacks on plaintiffs' counsel, that tactic belies the fragility of their own legal position.

THE PLAINTIFF,
EUGENE PANECCASIO

BY: *[signature]*
ANDREW B. BOWMAN
Federal Bar No: ct00122
1804 Post Road East
Westport, CT 06880
(203) 259-0599
(203) 255-2570 (Fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 3RD day of November, 2003 to:

Felix J. Springer
Jennifer L. Sachs
Day, Berry & Howard
CityPlace 1
Hartford, CT 06103-3499

Rayne Rasty, Esq.
Georgia-Pacific Corporation
133 Peachtree St. NE
Atlanta, GA 30303

4

Kay Kyungsun Yu, Esq.
Joseph Costello, Esq.
S. Elizabeth Hamilton
Morgan, Lewis & Bockius
1701 Market Place
Philadelphia, PA 19103


Robert L. Wyld, Esq.
Patrick Fahey, Esq.
Shipman & Goodwin
1 American Row
Hartford, CT 06103

                                                                ANDREW B. BOWMAN