ALCO STANDARD CORPORATION

1991 DEFERRED COMPENSATION PLAN

PARTICIPATION AGREEMENT

This Agreement is made this **28**[th] day of _NOVEMBER_ 1990, by and between Alco Standard Corporation ("Alco"), and Eugene Paneccasio, ("Employee").

The parties hereto agree as follows:

1. Amount and Duration of Deferral.  The Employee irrevocably elects to participate in the Alco Standard Corporation 1991 Deferred Compensation Plan ("Plan") and to defer from his/her compensation earned in connection with his/her employment by Alco or a subsidiary on and after January 1, 1991 the deferral amount required pursuant to his selection of Option II. This amount shall be deferred, on a before-tax basis, in equal monthly installments from the Employee's compensation over a period of 60 months, commencing January 1, 1991.

2. Life Insurance.  The Employee agrees to execute a split dollar agreement in connection with the Life Insurance.

3. Benefits.  The benefits to which the Employee or his/her designated beneficiary (or beneficiaries) shall be entitled are described in Appendix A hereto based on the Option selected.

4. Group Term Insurance.  The Employee agrees to waive all rights to future participation in Alco's or a subsidiary's group term life insurance program.

5. Additional Insurance.  The Employee agrees that Alco Standard Corporation may purchase additional amounts of insurance on his life that will inure to the benefit of Alco.

6. Beneficiary Designation.  The Employee designates the following person(s) to receive any benefits payable under the Plan after the death of the Employee (may designate two or more persons to share such benefits in the proportion indicated).

_Sharon Paneccasio_
Name

_Spouse_
Relationship

_62 OX yoke Dr._
Address

_Wethersfield Ct. 06109_
City, State, Zip

1

In the event the beneficiary (or beneficiaries) designated above is (are) not surviving when benefits are payable, the following alternative beneficiary (or beneficiaries) is (are) designated:

50% Paula   50% Alan Paneccasio
**Name**

Daughter : Son
**Relationship**

62 OX Yoke Dr.
**Address**

Wethersfield Cf. 06109
**City, State, Zip**

Death benefits under the Life Insurance purchased pursuant to the split dollar agreement shall be paid as designated in that agreement.

      7.      Irrevocable Election.  The Employee and Alco agree that the Employee's decision to defer a portion of his/her compensation, as set forth in this Agreement, is binding and irrevocable.

      8.      Terms.  The Employee and Alco expressly agree that the terms of the Plan and as it may be hereafter amended from time to time, are incorporated herein by reference and that this Agreement shall be interpreted by reference to such Plan.

Employee has read the plan and prospectus and agrees to the terms contained therein.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

Alco Standard Corporation

_____
Vice President

_____
Employee

2

Case 3:01-cv-02065-CFD   Document 56-3   Filed 11/03/2004   Page 3 of 11

OPTION II

| Retirement and Life Insurance Benefits (benefits commence on the later of age 65 or retirement): | Pre-Retirement Deferral and Life Insurance Benefits (Payable to beneficiary in the event of Participant's death before age 65): |
|---|---|
| $15,000/year for 10 Years | $450,000 Lump Sum Death Benefit |
| + | + |
| $95,000 Cash Value Life Insurance Policy with Paid-up Death Benefit of $375,000 | Deferral Plus 11.5% (Lump Sum) |

| Age* | Required Annual Deferral (Relating to Retirement Benefits) | | Required Annual Life Insurance Payments ** (Relating to Life Insurance Benefits) | |
|---|---|---|---|---|
| | 5 Year Deferral | 10 Year Deferral | Non-Smoker | Smoker |
| 26 | 596 | 380 | 270 | 311 |
| 27 | 668 | 426 | 270 | 311 |
| 28 | 748 | 477 | 270 | 311 |
| 29 | 838 | 534 | 270 | 311 |
| 30 | 938 | 599 | 270 | 311 |
| 31 | 1,051 | 670 | 270 | 311 |
| 32 | 1,177 | 751 | 270 | 311 |
| 33 | 1,318 | 841 | 270 | 311 |
| 34 | 1,476 | 942 | 270 | 311 |
| 35 | 1,653 | 1,055 | 270 | 311 |
| 36 | 1,852 | 1,181 | 270 | 311 |
| 37 | 2,074 | 1,323 | 270 | 311 |
| 38 | 2,323 | 1,482 | 270 | 311 |
| 39 | 2,602 | 1,660 | 270 | 311 |
| 40 | 2,914 | 1,859 | 275 | 315 |
| 41 | 3,264 | 2,082 | 297 | 342 |
| 42 | 3,655 | 2,332 | 311 | 357 |
| 43 | 4,094 | 2,612 | 333 | 383 |
| 44 | 4,585 | 2,925 | 360 | 414 |
| 45 | 5,135 | 3,276 | 383 | 440 |
| 46 | 5,752 | 3,669 | 405 | 467 |
| 47 | 6,442 | 4,110 | 432 | 497 |
| 48 | 7,215 | 4,603 | 464 | 533 |
| 49 | 8,081 | 5,155 | 495 | 570 |
| 50 | 9,050 | 5,774 | 531 | 611 |

\*  As of 1/1/91.
\*\* Life Insurance Payments Increase as Age Increases.

OPTION II

| Age* | Required Annual Deferral (Relating to Retirement Benefits) | | PLUS | Required Annual Life Insurance Payments ** (Relating to Life Insurance Benefits) | |
|---|---|---|---|---|---|
| | 5 Year Deferral | 10 Year Deferral | | Non-Smoker | Smoker |
| 51 | 10,136 | 6,467 | | 567 | 653 |
| 52 | 11,353 | 7,243 | | 608 | 699 |
| 53 | 12,715 | 8,112 | | 653 | 750 |
| 54 | 14,241 | 9,085 | | 702 | 807 |
| 55 | 15,950 | 10,176 | | 752 | 864 |
| 56 | 17,864 | | | 837 | 963 |
| 57 | 20,007 | | | 927 | 1,067 |
| 58 | 22,408 | | | 1,022 | 1,175 |
| 59 | 25,097 | | | 1,116 | 1,284 |
| 60 | 28,109 | | | 1,229 | 1,413 |
| 61 | | | | 1,355 | 1,557 |
| 62 | | | | 1,508 | 1,734 |
| 63 | | | | 1,697 | 1,952 |
| 64 | | | | 1,913 | 2,199 |
| 65 | | | | 2,156 | 2,480 |

*  As of 1/1/91.
** Life Insurance Payments Increase as Age Increases.

## SPLIT-DOLLAR INSURANCE AGREEMENT

THIS AGREEMENT is entered into this 28th day of November, 1990, by and between ALCO

STANDARD CORPORATION, an Ohio corporation, of Valley Forge, Pennsylvania, hereinafter called "Alco", and

Eugene Paneccasio, hereinafter called "Employee".

WHEREAS, Employee is a valued employee of Alco or a subsidiary and Alco wishes to retain him/her in

such employ, and

WHEREAS, Alco, as an inducement to such continued employment, wishes to assist Employee in a life

insurance program;

NOW, THEREFORE, Alco and Employee agree as follows:

1.      The life insurance policy with which this Agreement deals is Policy

Number  9173 9290   (hereinafter called "Policy") issued by Metropolitan Life Insurance Company

("Metropolitan") on the life of Employee.  Alco shall be the sole owner of the Policy, except that while in the

employ of Alco or a subsidiary, the Employee shall have the right to designate a beneficiary for Four Hundred

Fifty Thousand  Dollars of life insurance proceeds and the right to elect a policy settlement option with respect

to such proceeds.  Alco will be the direct beneficiary of the balance of the proceeds of the Policy as of the date

of death of the Employee, less any policy indebtedness to the Insurance Company.

2.      Employee shall have the right to designate and change direct and contingent beneficiaries of

any remaining proceeds and to elect and change a payment plan for such beneficiaries.

3.      Each premium on the policy shall be paid by Alco as it becomes due.  At the time of each

premium payment by Alco, Employee shall reimburse Alco for a portion of the premium paid by Alco.  The

amount of the reimbursement shall equal the value of the economic benefit (as computed for Federal income

tax purposes) attributable to the life insurance protection provided to Employee under the Split-Dollar

Agreement as determined under applicable tax laws, regulations, and rulings.  Unless other arrangements

have been made with Alco, Employee shall have deducted from his compensation each year, in monthly

installments on an after-tax basis, to his age 65 or later retirement, the life insurance payment set forth in

Appendix A hereto based on the option selected.  An Employee whose employment terminates prior to

1

reaching age 65, and who is eligible to continue making premium reimbursements, shall continue such premium reimbursement to age 65 as a condition for continuation of this Agreement.

4.      This Agreement shall terminate upon termination of Employee's employment with Alco or an Alco subsidiary, except in the event of 1) the Employee's death while still employed; 2) the Employee's incurring a total disability while still employed; 3) termination of the Employee's employment after age 60 and after performing at least five years of premium reimbursement; or 4) termination of the Employee's employment after completing at least ten years of premium reimbursement.  This Agreement may also terminate as provided in the 1991 Deferred Compensation Plan, all the applicable terms of which are incorporated herein by reference and made a part hereof.

5.      Metropolitan shall be bound only by the provisions of and endorsements on the Policy, and any payments made or action taken by it in accordance therewith shall fully discharge it from all claims, suits and demands of all persons whatsoever.  It shall in no way be bound by or be deemed to have notice of the provisions of this Agreement.

6.      The Agreement shall bind Alco and its successors and assigns, Employee and his/her heirs, executors, administrators and assigns, and any Policy beneficiary.

IN WITNESS WHEREOF, the parties have signed this Agreement.


EMPLOYEE:                              ALCO STANDARD CORPORATION

_Eugene Panuccasio_                    BY: _____
                                                      Vice President

2

# ALCO STANDARD CORPORATION

## *SPLIT DOLLAR INSURANCE*

### Beneficiary Designation

PRIMARY BENEFICIARY(ies):*#  *Connecticut National Bank & trust Company*
*~~Bank ~240~~ and Vincent Paneccasio Jr. trustee under an*

Name *agreement of trust executed on 11/24/80 Hartford Conn.*  Date of Birth_____  Relationship_____

Address_____

Name _____  Date of Birth_____  Relationship_____

Address_____


CONTINGENT BENEFICIARY(ies):*#

Name _____  Date of Birth_____  Relationship_____

Address_____

Name _____  Date of Birth_____  Relationship_____

Address_____


*Complete one of the following if you have named your children under either the primary or contingent beneficiary sections:*

____  the lawful surviving children of the insured, if any, in equal shares.

____  the lawful surviving issue of the insured, if any, per stirpes.

____  to the surviving children born of the marriage of the insured and, _____

in equal shares, if any.


\* *if naming a TRUST, please provide full name and date of trust.*
\# *if naming child(ren), please provide full names(s) and date(s) of birth.*


_____          *Eugene Paneccasio*
           Date                        Signature of Insured

3

| CHARGE OF DISCRIMINATION<br>This form is effected by the Privacy Act of 1974. | AGENCY<br>[ ] FEPA<br>[X] EEOC | CHARGE NUMBER |
|---|---|---|

**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES AND EEOC**
(State or local Agency, if any)

| **NAME** (indicate Mr., Ms. or Mrs.)<br>Mr. Eugene Paneccasio | **HOME TELEPHONE NO.** (include Area Code)<br>(860) 563-0037 |
|---|---|

| STREET ADDRESS        CITY, STATE AND ZIP CODE<br>62 Ox Yoke Drive, Wethersfield, CT 06109 | COUNTY<br>06109 |
|---|---|

**NAME IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (*If more than one list below.*)

| **NAME**<br>Unisource Worldwide, Inc.<br>** | **NO. OF EMPLOYEES/MEMBERS** | **TELEPHONE NO.** (include Area Code)<br>(860) 298-3200 |
|---|---|---|

| STREET ADDRESS<br>100 Helmsford Way, Windsor, Connecticut 06095 | CITY, STATE AND ZIP CODE |
|---|---|

| **NAME** Georgia-Pacific Corporation **<br>c/o CT Corporation Systems | **TELEPHONE NO.** (include Area Code)<br>(860) 724-9044 |
|---|---|

| STREET ADDRESS<br>1 Commercial Plaza, Hartford, Connecticut 06103 | CITY, STATE AND ZIP CODE |
|---|---|

**CAUSE OF DISCRIMINATION BASED ON** [Check appropriate box(es)]

( ) RACE        ( ) NATIONAL ORIGIN    ( ) RETALIATION    ( ) SEX
( ) COLOR       (x) AGE                ( ) RELIGION       ( ) DISABILITY
( ) OTHER (*Specify*)_____

**DATE DISCRIMINATION TOOK PLACE.**
EARLIEST                LATEST

[ ] CONTINUING ACTION

The particulars of this charge of discrimination are set forth in my complaint number _____
which I filed with the Connecticut Commission on Human Rights and Opportunities on _____
which is attached hereto and incorporated as if fully set forth herein.

** ALCO Standard Corporation, c/o CT Corporation Systems, 1 Commercial
   Plaza, Hartford, Connecticut 06103  (860)724-9044

** IKON Office Solutions, Inc., c/o CT Corporation Systems, 1 Commercial
   Plaza, Hartford, Connecticut 06103  (860)724-9044

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | **NOTARY** - (When necessary to meet State and Local Requirements)<br>JUNE E. MASTRONARDI<br>My Commission Expires: NOTARY PUBLIC<br>MY COMM. EXPIRES 1/31/2004<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|

| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date 7/18/01    *Charging Party (Signature)* | **SIGNATURE OF COMPLAINANT**<br><br>**SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE**<br>(Day, month, and year) |
|---|---|

EEOC FORM 212

OVER→

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## BOSTON, MASSACHUSETTS

### STATEMENT OF DISCRIMINATION BY
### EUGENE PANECCASIO

Eugene Paneccasio having been sworn, deposes and says:

1. I submit this statement in support of my charge of age discrimination against my former employer Unisource Worldwide, Inc., Georgia-Pacific Corporation, ALCO Standard Corporation and IKON Office Solutions, Inc. My date of birth is October 10, 1936.

2. I was employed by Unisource Worldwide, Inc. in Hartford, Connecticut for 23 ½ years prior to March 31, 1994. On that date, I was employed as vice-president of Sales and National Accounts.

3. On March 31, 1994, I was induced to leave my employment with Unisource by representations made by Unisource orally and by virtue of a Unisource Early Retirement Package (hereinafter Early Retirement Package). I was 57 years of age.

4. Unisource induced me to take early retirement on account of my age. By representing to me that if I retired on March 31, 1994, among other things, but as a critical inducement to me, Unisource guaranteed that my benefits under the 1991 ALCO Standard Corporatation Deferred Compensation Plan, later known as the 1991 IKON Office Solutions Deferred Compensation Plan, would be 65% vested if I retired.

5. Unisource represented to me that I would be paid a monthly benefit payment of $812.50 when I turned 65 years of age for ten years, and that I would receive the benefits

of a certain life insurance policy which benefits included a cash value equal to $95,000 at age 65, of which I would be entitled to 65% or $61,750, and a paid up death benefit equal to $375,000 of which I would be entitled to 65% or $243,750 upon my death.

6.  On December 31, 2000 Unisource Worldwide acting in concert with Georgia Pacific Corp., with whom it had merged, and IKON Office Solutions, Inc. who is the successor to ALCO Standard Corporation did terminate the benefits promised to me by Unisource and did deprive me of a critical inducement to and critical element of my decision to take early retirement in 1994.

7.  I will turn age 65 on October 10, 2001.  At the present time and upon my turning 65 years of age, I am and will be completely without the cash value and the paid up death benefit promised to me by the respondents.

8.   In reliance upon the representations of Unisource and ALCO Standard Corporation now known as IKON Office Solutions, Inc., I gave up my employment and I relinquished another insurance policy under which my life was insured and my wife was the beneficiary.

9.  As a result of the above, I believe that I have been discriminated against by Unisource, my employer, acting in concert with Georgia-Pacific Corporation with whom it had merged at the time the decision to terminate my benefits occurred, ALCO Standard Corporation and IKON Office Solutions, Inc., whom I believe are two successive names of the same corporation, both of which administered the 1991 Deferred Compensation Plan at issue.

2

10.     It is my understanding that the respondents Unisource Worldwide, Inc., Georgia-Pacific Corporation, ALCO Standard Corporation and IKON Office Solutions are and have been interrelated.

11.     The conduct of the respondents Unisource Worldwide, Inc., Georgia-Pacific Corp., ALCO Standard Corp. and IKON Office Solutions, Inc. are acts of discrimination on account of my age and constitute willful violations of the Age Discrimination in Employment Act.

EUGENE PANECCASIO

Subscribed and sworn to before me on this 18th day of July, 2001.

NOTARY PUBLIC

JUNE E. MASTRONARDI
NOTARY PUBLIC
MY COMM. EXPIRES 1/31/2004

3